ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 OCT 16  PM 3: 07

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| DANIEL LUTZ BERGIN | § | **3- 13CR- 408- L** |

### INDICTMENT

The Grand Jury Charges:

### INTRODUCTION

At all times material to this Indictment, unless otherwise indicated:

1.      The defendant **Daniel Lutz Bergin ("Bergin")** was an equity trader employed by Cushing MLP Asset Management, LP ("Cushing"), an investment adviser located in the Northern District of Texas, with an office at 8117 Preston Road, Suite 440, Dallas, Texas 75225.

2.      **Bergin** was employed as an equity trader at Cushing between 2008 and May 23, 2013.

3.      Cushing was a wholly owned subsidiary of Swank Capital, LLC.  Cushing was registered with the United States Securities and Exchange Commission ("SEC") pursuant to the Investment Advisers Act of 1940.  Cushing had approximately $2.5 billion in discretionary assets under management.  Cushing provided advisory and portfolio management services to institutional clients, including high net worth individuals, investment companies, pooled investment vehicles, pension and profit

sharing plans, charitable organizations, and state or municipal government entities.

4.      Cushing primarily invested client assets in energy infrastructure master limited partnerships ("MLPs"), which are traded on stock exchanges such as the New York Stock Exchange; royalty trusts; and other energy-income investments.

5.      Cushing had established policies and procedures, including a Code of Ethics, in compliance with regulatory requirements under the Investment Advisers Act of 1940. Cushing's Code of Ethics contained the following provisions:

a.      "This Code of Ethics (the 'Code') has been adopted to ensure that those who have knowledge of the portfolio transactions will not be able to act thereon to the disadvantage of the Company. . . . U.S. securities laws and regulations, and certain foreign laws, prohibit the misuse of 'inside' or 'material non-public' information when trading or recommending securities. . . . Inside information may include, but is not limited to, knowledge of pending orders or research recommendations, corporate finance activity, mergers or acquisitions, advance earnings information and other material non-public information that could affect the price of a security."

b.      Cushing's Code of Ethics explicitly outlined restrictions on personal securities transactions by Cushing employees.  For example, Cushing employees were strictly prohibited from purchasing or selling, directly or indirectly, securities being purchased or sold by Cushing on behalf of a client account.  Moreover, Cushing employees were strictly prohibited from using "knowledge of portfolio transactions made or contemplated for the Company to profit by the market effect of such transactions or otherwise engage in fraudulent conduct in connection with the purchase or sale of a

security sold or acquired by [Cushing]."

6.     Cushing's Code of Ethics required pre-clearance of personal trades by the Compliance Officer.

7.     Cushing's Code of Ethics required employees to disclose personal brokerage accounts, submit an Initial Holdings Report, submit Quarterly Transaction Reports and an Annual Holdings Report.

8.     Cushing's Code of Ethics further required employees, including **Bergin**, to acknowledge and certify annually that they had read and agreed to comply with the Code of Ethics and that they have disclosed or reported all personal securities transactions, holdings, and accounts required to be disclosed or reported by the Code of Ethics.

## SCHEME AND ARTIFICE TO DEFRAUD

9.     Beginning in at least January 2010 and continuing until Bergin's termination on May 23, 2013, **Bergin** devised and executed a "front-running" scheme in which **Bergin** misused "inside" or "material, non-public" information when placing trades in a personal brokerage account held in the name of his wife.

10.     **Bergin**'s "front-running" scheme involved (a) obtaining material, non-public information from his employer, Cushing, concerning large orders to purchase or sell securities for its advisory clients; and (b) subsequently executing trades in the same securities, prior to the execution of the larger customer orders, in anticipation of the movement in price that the large trades was likely to cause.

11.     **Bergin**'s "front-running" scheme allowed him to take advantage of limited opportunities to purchase and sell the same securities in which **Bergin** was placing trades

on behalf of Cushing's clients' and proprietary accounts.

12.     In furtherance of the scheme, **Bergin** made false statements and material omissions to Cushing in violation of Cushing's Code of Ethics.  In particular, although **Bergin** disclosed certain personal brokerage accounts held in his name at Fidelity and Scottrade, **Bergin** failed to disclose brokerage accounts maintained at Fidelity in the name of his wife.  Specifically, **Bergin** failed to disclose Fidelity Account No. xxxxx5953 and eTrade Account No. xxxxx8107 to Cushing as required by Cushing's Code of Ethics.

Counts One through Fifteen
Securities Fraud
Violation of 18 U.S.C. § 1348

1.     The allegations contained in paragraphs 1 through 13 of this Indictment are realleged and incorporated as though fully set forth in this paragraph.

2.     On or about the dates indicated below, within the Northern District of Texas, Dallas Division, the defendant, **Daniel Lutz Bergin**, did knowingly and intentionally execute a scheme and artifice (a) to defraud persons in connection with securities of issuers that are required to file reports under section 15(d) of the Securities Exchange Act of 1934, that is, shares of public companies in which Cushing placed orders to buy and sell on behalf of Cushing's clients; and (b) to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of issuers that are required to file reports under section 15(d) of the Securities Exchange Act of 1934, that is, shares of public companies in which Cushing placed orders to buy and sell on behalf of Cushing's

clients, through making trades in the same securities as Cushing's clients at or around the same time, as indicated below:

| Count | Date | Security | Time of Bergin's Order | Time of Cushing's Order | Profit to Bergin |
|-------|------|----------|------------------------|-------------------------|------------------|
| 1 | 07/15/2010 | CQP | 09:52:00 AM (EST) | 09:55:47 AM (EST) | $914.94 |
| 2 | 11/04/2010 | XTEX | 09:55:00 AM (EST) | 12:20:45 PM (EST) | $4,019.69 |
| 3 | 03/14/2011 | NRP | 11:01:38 AM (EST) | 11:46:52 AM (EST) | $9,995.14 |
| 4 | 05/18/2011 | CPLP | 10:42:00 AM (EST) | 11:32:37 AM (EST) | $10,863.08 |
| 5 | 06/23/2011 | OXF | 11:01:00 AM (EST) | 12:45:19 PM (EST) | $23,942.05 |
| 6 | 07/05/2011 | EVEP | 09:33:02 AM (EST) | 11:21:14 AM (EST) | $18,731.49 |
| 7 | 07/29/2011 | PVR | 10:50:16 AM (EST) | 10:51:50 AM (EST) | $8,961.99 |
| 8 | 08/10/2011 | EVEP | 09:39:19 AM (EST) | 09:40:12 AM (EST) | $26,946.22 |
| 9 | 08/15/2011 | TRGP | 10:02:34 AM (EST) | 10:14:38 AM (EST) | $11,826.56 |
| 10 | 10/25/2011 | AMJ | 10:10:00 AM (EST) | 10:14:54 AM (EST) | $6,992.71 |
| 11 | 02/29/2012 | CHKM | 09:33:51 AM (EST) | 11:49:36 AM (EST) | $1,739.17 |
| 12 | 03/29/2012 | CPNO | 09:47:57 AM (EST) | 10:17:13 AM (EST) | $11,115.48 |
| 13 | 12/19/2012 | AMJ | 11:50:50 AM (EST) | 01:47:44 PM (EST) | $16,078.46 |
| 14 | 02/14/2013 | AMJ | 09:55:16 AM (EST) | 10:43:10 AM (EST) | $6,864.06 |
| 15 | 03/21/2013 | PER | 09:27:43 AM (EST) | 01:56:21 PM (EST) | $8,223.48 |

All in violation of 18 U.S.C. § 1348.

Forfeiture Notice
**(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A))**

Upon conviction of any of the offenses alleged in Counts One through Fifteen,

inclusive, of this Indictment, and pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction

with 28 U.S.C. § 2461(c), the defendant, **Daniel Lutz Bergin**, shall forfeit to the United

States of America all property constituting or derived from proceeds traceable to the

respective offense, including the total proceeds derived from the offense (commonly

referred to as a "money judgment) and a 2012 Porsche Panamera bearing vehicle

identification number WP0AA2A7XCL018453.

A TRUE BILL

FOREPERSON

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4100
Email: nick.bunch@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

THE UNITED STATES OF AMERICA

VS.

DANIEL LUTZ BERGIN

## INDICTMENT

18 U.S.C. § 1348
Securities Fraud

18 U.S.C. § 981(a)(1)(C)
Forfeiture Notice

15 COUNTS

A true bill rendered:

------------------------------------------------------------

FORT WORTH                                    FOREPERSON

Filed in open court this 16th day of October, A.D. 2013.

------------------------------------------------------------

Warrant to issue

------------------------------------------------------------

UNITED STATES MAGISTRATE JUDGE
(Magistrate Court Number: _____)